# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| ALAN T. BOYCE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 09-cv-4138-KES ) |
| INTERBAKE FOODS, LLC, | ) ) ) |
| Defendant. | ) |

## PROTECTIVE ORDER

In the course of discovery, Defendant Interbake Foods, LLC and Plaintiff Alan T. Boyce will produce documents, data, discovery responses, medical and/or mental health records, and other material that is confidential, proprietary, privileged, constitutes trade secrets or is otherwise to be protected from public dissemination. To ensure that such material is kept and remains confidential and is not to be used for any purpose other than discovery and trial preparation in this case, the parties shall abide by the following terms:

1. This Order shall apply to and govern the handling of all disclosures, documents, answers to interrogatories, responses and requests for admission, testimony and other information, including all copies, excerpts, and summaries thereof (hereinafter referred to as "Material") produced, given or filed during discovery and other proceedings in this action.

2. In designating Material as "Confidential," a party to this action shall make such a designation only as to Material that the party in good faith believes constitutes confidential information, including, without limitation, any documents, testimony or other Material which constitutes confidential personnel information and records regarding persons who are not parties to this action, such as personnel files and compensation and benefits information.

3. "Confidential" Material, as used in this Order, shall refer to any so designated document, testimony, or other Material and all copies thereof, and shall also refer to the information contained in such Material. No designation shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection.

4. Material designated "Confidential" shall be maintained in confidence by the party to whom such Material is produced and shall not be disclosed or discussed, in writing or verbally, to any person except:

   (a) the Court and its officers;

   (b) the parties;

   (c) counsel, whether retained counsel or in-house counsel;

   (d) employees of counsel; and

   (e) third parties engaged by counsel or the parties to assist in this litigation, deponents, or hearing witnesses, provided that any such third party, deponent, or hearing witness has first signed an undertaking in the form of Exhibit A attached hereto.

5. Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production.

6. Nothing herein shall prohibit either party from seeking an Order that designated Material is not entitled to "Confidential" treatment or that otherwise affects the treatment of Material.

7. Other than as provided in paragraphs 4 above, no designation of "Confidential" shall be effective unless there is placed or affixed on such Material a "CONFIDENTIAL" marking.

8. All Material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within 24 hours of receipt of same.

9. At the final conclusion of this case (including exhaustion of appeals) all Material designated as "Confidential" produced pursuant to discovery, and all copies thereof, shall be destroyed (by shredding or other similar means) and opposing counsel/party shall certify in writing that such Material has been destroyed. If no such certification is provided, or if the Material has not been destroyed, the parties agree that the value cannot be adequately calculated and that offending party may be subject to sanctions, including the payment of the costs, including reasonable attorney's fees, of the party forced to move to enforce this Order.

10. Parties may stipulate in writing among themselves that specified "Confidential" material may be filed in the public record other than under seal, in redacted or unredacted form. Absent such stipulation, if information and documents produced pursuant to this Stipulated Protective Order and marked "Confidential" are to be filed with the Court, the filing party shall seek leave of court to file such materials under seal. No filing under seal, or any other designation as a restricted document, is permitted without previously-obtained court approval. A party may present "Confidential" documents to the Court's chambers by following the procedures set forth in Local Rule 26(d).

11. The restrictions set forth in any of the preceding paragraphs shall not apply to Material that:

    (a) was, is, or became public knowledge in a manner other than by violation of this Order;

    (b) is acquired by the non-designating party from a third party having the right to disclose such Material; or

    (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

12. The protections of Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B) regarding inadvertent disclosure shall apply in this matter. Any privilege or protection is not waived by inadvertent disclosure of attorney-client privilege or work product privilege in this action

13. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of the Court.

14. After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents or Material by a motion filed within sixty (60) after the case is closed. Any documents or Material that are not so withdrawn will become part of the public case file.

Agreed:

ENTERED this _11_ day of _May_, 2010.

_____

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| ALAN T. BOYCE, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No.: 09-cv-4138-KES ) |
| INTERBAKE FOODS, LLC, | ) ) |
|     Defendant. | ) ) |

### PROTECTIVE ORDER

### UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2010 and entered in the above-captioned action, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____        _____

Date                  Signature

4848-4102-5029, v. 1