UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ALAN T. BOYCE, | ) | CIV. 09-4138-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| INTERBAKE FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Alan T. Boyce, brought a pro se action against defendant, Interbake Foods, alleging violations of Title VII and intentional infliction of emotional distress. Interbake moves for summary judgment and Boyce resists. Boyce moves to compel discovery. Interbake resists the motion and moves for sanctions against Boyce and Boyce resists. Boyce's motion to compel is granted in part and denied in part. Interbake's motion for sanctions is denied.

**BACKGROUND**

The pertinent facts to this order are as follows: Interbake is a cookie and cracker manufacturer that operates a facility in North Sioux City, South Dakota. Boyce began working at Interbake in August of 2005 in the packaging and additions department as an enrober operator. Interbake's employees, including Boyce, are represented by the Bakery, Confectionary, Tobacco Workers, and Grain Millers Union, Local No. 433 (Union). At all

relevant times to this matter, Interbake and the Union had a collective bargaining agreement.

Interbake has an employee handbook that describes two types of disciplinary infractions. Type I Offenses may result in progressive discipline. Type II Offenses subject the offending employee to immediate discharge. Interbake also offers coaching sessions to help conform an employee's behavior to company standards. Coaching sessions are not discipline. The handbook also prohibits discrimination and provides a complaint procedure for employees if they feel that they are being discriminated against.

In January of 2008, Boyce filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and the dispute was resolved in mediation on February 21, 2008. Pursuant to the February 21, 2008, agreement, Boyce received payment and released all pending claims against Interbake.

In February of 2008, Pat Minor, an off-shift scheduler, stated, "If anybody missed work, it would be Alan Boyce and Roxann Favors and Marcia Jackson." Boyce did not hear this statement but claims that it affected his morale.

On May 8, 2008, an equipment issue occurred, which resulted in a cookie jam-up. Boyce temporarily turned off the air blowers to clear the jam, but that resulted in cookies with excessive coating. David Williams, Boyce's

line manager, instructed Boyce on how to handle a similar situation in the future, but did not give him a coaching session for the May 8 incident.

On June 5, 2008, Interbake issued Boyce a coaching session for using profane language, a Type I Offense, but did not discipline Boyce for the incident. In June of 2008, Boyce filed a charge of discrimination and retaliation with the South Dakota Division of Human Rights (SDDHR) for the May 8 incident and the June 5 coaching session.

The SDDHR dismissed the charge because it found Interbake's actions were neither discriminatory nor retaliatory. Boyce appealed the SDDHR decision to the Circuit Court for the First Judicial Circuit of South Dakota. The state court upheld the SDDHR's determination.

In July of 2008, Minor stated, "Alan Boyce is upset" across the two-way radio. Boyce did not hear this statement, and although he claims that it had a negative impact on his morale, he never reported the statement to Interbake.

Around this time period, Boyce experienced problems with scheduling at Interbake. In order for an employee to be assigned to a particular position, he must have worked in that position within the prior twelve-month period. Interbake uses a computer system that a scheduler may consult to ensure that an employee meets the prerequisites before assigning

him to a position. Prior to September 14, 2009, the computer system did not contain overtime records. Instead, that information was recorded by hand.

Minor scheduled Boyce to work in either the caramel mixing or coconut topper positions, but Boyce told Minor that he had not worked in either position in over twelve months. Minor reviewed the overtime records, saw that Boyce had worked the positions on overtime shifts, showed Boyce the records, and offered Boyce a choice of positions. Boyce chose the coconut topper position.

On a different occasion, Boyce was incorrectly assigned overtime. In assigning overtime, more senior employees usually receive first preference on whether to work overtime and less senior employees take any remaining shifts. Minor assigned Boyce to work overtime. When Boyce discovered that less senior employees were available to work overtime, he reported to supervisor Melissa Dale that Minor inappropriately assigned him overtime. Dale took Boyce off the overtime assignment and apologized for the incident.

On May 12, 2007, Boyce received a coaching session for failing to follow Interbake's standard washout procedures on the machine he was operating. On February 19, 2009, Boyce received a verbal warning for failing to follow Interbake's washout procedures, the first step in the disciplinary process for a Type I Offense. This warning took place in Jean Kelley's office with Union chairperson Mary Watts present.

4

In April of 2009, Boyce filed a charge of discrimination with the EEOC alleging discrimination from the February 19, 2009, verbal warning, Minor's statements in February of 2008, the overtime scheduling error, and being scheduled to work at the coconut topper position. The EEOC dismissed the charge and Boyce received his right-to-sue notice on June 11, 2009. Boyce filed this lawsuit on September 10, 2009.

On April 5, 2010, Boyce moved to compel discovery from Interbake. Docket 27. Boyce later filed a letter with the court stating that the April 5 motion was not a motion to compel. Docket 29. On April 19, 2010, Boyce moved to compel discovery on his second request for documents. Docket 32. This court referred the matter to Magistrate Judge John E. Simko. Docket 33. Magistrate Judge Simko denied the motion to compel, reasoning that Boyce failed to confer with Interbake's counsel before filing the motion to compel as required by the local and federal rules. Docket 35. After Interbake moved for summary judgment on November 1, 2010, Boyce moved to compel discovery on November 9, 2010.

## DISCUSSION

### I.   Motion to Compel

Boyce moves to compel production of four different sets of documents. First, he seeks documents relating to Interbake's investigations over complaints made by employees against Minor, specifically a complaint made

by Nick Janckowicz. Boyce claims the information is relevant to how Interbake handles complaints by African-Americans compared to complaints from Caucasians, but he did not state on what date Janckowicz or other Caucasian employees complained about Minor.

Second, Boyce seeks information about a complaint made by Stephanie Haines against resource leader Sean Sanford. Boyce provides neither a reason for seeking this information nor the date when this incident occurred. Third, he desires information about sexual harassment allegations made by Brianna Briggs against Derek Debell, Jeff Niles, and Ronnie Houston, but he provides neither a reason for requesting this information nor a date on when the incidents occurred. Finally, he seeks information about an investigation into a racially offensive figurine found in a trolley on November 5, 2010, and he argues that this information is relevant because he still works at Interbake and discrimination is ongoing.

Boyce's fourth request, documents concerning the racially offensive figurine, occurred after the discovery and motions deadlines passed on October 1 and November 1 respectively. Consequently, Boyce cannot compel discovery concerning the November 5 incident because it had not happened at the time of discovery.

Courts should be "[m]indful of the need to construe pro se motions liberally. . . ." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010)

6

(citing *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009)). Consequently, the court will construe Boyce's motion as a motion to modify the Rule 16 scheduling order as to his fourth discovery request. The other three discovery requests lack dates and/or reasons for requesting the information, and, thus, will be construed as a motion to compel.

**A.    Requests One, Two, and Three**

Interbake argues that Boyce's motion fails to comply with the federal and local rules. Federal Rule of Civil Procedure 37(a)(1) requires that when a party moves to compel discovery that the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The local rules similarly provide that "[a] party filing a motion concerning a discovery dispute shall file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. L.R. 37.1. In denying Boyce's first motion to compel, Magistrate Judge Simko explained this process to Boyce. *See* Docket 35 at 1.

When Boyce filed his motion to compel, he did not file a separate certification describing his good faith efforts to resolve the dispute. In response to Interbake's opposition, Boyce states that he called Interbake's attorney, Kenneth M. Wentz, III, located in Omaha, Nebraska, on October 1,

2010, and attached his phone records showing that he made a call to an Omaha, Nebraska, number on October 1, 2010. Docket 72-1. Interbake responds that Boyce called Wentz because he wanted to contact Magistrate Judge Simko about settling the case. A letter dated October 8, 2010, from Boyce to Wentz confirms the purpose of the October 1 call: "This writing concerns our phone conversation on 10-1-10. I asked you about contacting the Magistrate Judge per court order." Docket 74-1 at 2.

Boyce did not state that the purpose of attaching his phone bill was to fulfill the meet-and-confer requirement, but a reasonable reading of Boyce's brief conveys that he intended that interpretation even though Boyce's own letter states that the purpose of the call was his desire to contact Magistrate Judge Simko. The federal rules prohibit fraudulent misrepresentations to the court. *See* Fed. R. Civ. P. 11(b)(1) ("By presenting to the court a . . . written motion . . . an attorney ***or unrepresented party*** certifies that to the best of the person's knowledge, information, and belief . . . the factual contentions have evidentiary support . . . ." (emphasis added)).

Given the circumstances, Boyce's discussion of the October 1 call possibly violated Rule 11. Even though Boyce is a pro se litigant, he can be sanctioned under Rule 11. *Carman v. Treat,* 7 F.3d 1379, 1381-82 (8th Cir. 1993). While sanctions will not be imposed at this time, Boyce is warned

that he must be completely honest and forthcoming in his dealings with the court.

While Boyce violated the local rules and this violation alone would be sufficient to deny the motion to compel, Boyce's motion also lacks substantive merit. In Interbake's response to Boyce's third request for production of documents, Interbake only refused to answer one of Boyce's discovery requests, namely request number two seeking "[t]ranscript and response to Ethics Hotline Complaint from July 2007 regarding Jean Kelley's statement resulting in EEOC Chge No. 846-2008-28578." Docket 72-2 at 1. Interbake responded that "[d]efendant objects to the documents requested in Request No. 2 on the grounds that the request seeks documents regarding . . . a one-time incident that was resolved through mediation and a settlement agreement and, pursuant to that agreement, no further action could be taken regarding the incident." Docket 72-2 at 1-2.

The three discovery requests in Boyce's motion to compel do not seek any information relating to EEOC Charge No. 846-2008-28578. Thus, Boyce appears to seek new discovery. A motion to compel is only used for existing discovery requests that have remained unanswered. *See* Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). Boyce may not use a motion to compel to serve new document requests on Interbake.

9

Accordingly, Boyce's motion, to the extent that the court has construed it as a motion to compel, is denied.

## B.    Request Number Four

Boyce requests information concerning an investigation about a racially offensive figurine discovered in a trolley at Interbake on November 5, 2010. As stated above, the court has construed this request as a motion to modify a Rule 16 scheduling order.

A Rule 16 "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The party seeking to modify the Rule 16 order bears the burden in proving good cause exists. Fed. R. Civ. P. 16(b)(4); *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. Jul. 9, 2010). District courts have wide latitude in discovery matters and an order to amend a Rule 16 schedule is reviewed under an abuse of discretion standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).

In his complaint, Boyce alleges that Interbake violated Title VII by creating a racially hostile work environment and retaliating against him.

10

Discovery is meant to produce admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (reasoning that while Rule 26(b) forbids "fishing expeditions in discovery," the relevancy standard for "discovery is broader than in the context of admissibility."). Because Boyce still works at Interbake, he argues that "[t]here are situations or incidents that lead to new evidence, which supports my allegations against the defendants." Docket 72 at ¶ 4. The court agrees with Boyce because discovery about an investigation surrounding a racially offensive figurine could lead to admissible evidence in an employment discrimination case based on race. *See, e.g., Williams v. ConAgra Poultry Co.*, 378 F.3d 790, 797-98 (8th Cir. 2004) (upholding a jury's award of damages under a § 1981 theory to an African-American employee when a racially offensive doll hung in the employer's factory).

The good cause threshold for modifying a Rule 16 scheduling order has been met because Boyce filed this motion on November 9, only four days after the November 5 incident and the information sought meets the relevancy standard for discovery. But because Boyce is moving for an extension of the Rule 16 schedule after the time for an extension has passed, he must also show excusable neglect. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Excusable neglect has a four-part showing: "(1) the possibility of prejudice to [defendant]; (2) the length of

11

[plaintiff's] delay and the possible impact of that delay on judicial proceedings; (3) [plaintiff's] reasons for delay, including whether the delay was within [his] reasonable control; and (4) whether [plaintiff] acted in good faith." *Id.* (internal quotations omitted).

The possibility of prejudice to Interbake is low because the court's new discovery order is limited in scope because discovery is ***only*** allowed as to the investigation surrounding the November 5 incident and ***only*** in the form of request for documents. The length of the delay is short and will not have a large impact on the speed of future judicial proceedings. Boyce's reason for the delay is that the incident occurred after the discovery deadline passed. Thus, the delay was not within his reasonable control. Boyce acted in good faith because he moved for this discovery only four days after the incident occurred. Accordingly, any neglect by Boyce was excusable and the court will grant Boyce's motion to the extent that the court has construed it as a motion to extend the Rule 16 scheduling order.

## II.    Sanctions

Interbake moves for sanctions against Boyce for the costs incurred in opposing this motion, including reasonable attorney's fees. An award of sanctions to the party opposing a motion to compel is only appropriate if the motion is denied. *See* Fed. R. Civ. P. 37(a)(5)(B). The court denied Boyce's

motion in part and granted it in part, so sanctions are inappropriate at this time.

**CONCLUSION**

Boyce moves to compel discovery from Interbake. To the extent that the court construed Boyce's motion as a motion to compel, the motion is denied because Boyce failed to follow the procedural rules and the motion lacks substantive merit. To the extent that the court construed Boyce's motion as a motion to amend the Rule 16 scheduling order, the motion is granted. Interbake's motion for sanctions is denied because the court granted Boyce's motion in part. Accordingly, it is

ORDERED that plaintiff's motion to compel (Docket 58) is granted in part and denied in part, and defendant's motion for sanctions (Docket 60) is denied. Defendant has until **March 15, 2011**, to disclose to plaintiff any documents relating to an investigation about a racially offensive figurine discovered in a trolley at Interbake on November 5, 2010.

IT IS FURTHER ORDERED that plaintiff will have until **April 15, 2011**, to respond to defendant's motion for summary judgment (Docket 41).

Dated February 23, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

13