UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ALAN T. BOYCE, | ) | CIV. 09-4138-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR ATTORNEY'S FEES |
| | ) | OR, IN THE ALTERNATIVE, |
| INTERBAKE FOODS, | ) | MOTION FOR SANCTIONS |
| | ) | |
| Defendant. | ) | |

Plaintiff, Alan T. Boyce, brought a pro se action against defendant, Interbake Foods, alleging claims of hostile work environment and retaliation under Title VII and a state-law claim of intentional infliction of emotional distress. The court granted Interbake's motion to strike two sets of documents that Boyce produced in opposing Interbake's summary judgment motion and granted Interbake's summary judgment motion on all claims. Docket 99. Boyce appealed. Docket 102. The appeal is still pending. Interbake moves for attorney's fees or, in the alternative, for sanctions for the costs associated with its motion to strike. Docket 106. Boyce does not resist the motion.[1] The motion is denied.

---

[1] While Boyce does not resist Interbake's motion, the court must still determine whether the motion has merit. *See, e.g.*, *Precourt v. Fairbank Reconstruction Corp.*, Civ. No. 10-mc-130, 2011 WL 210740 (D.S.D. Jan. 28, 2011) (determining the merits of an unopposed motion).

## BACKGROUND

The pertinent facts to this order are as follows:[2] Interbake is a cookie and cracker manufacturer. Boyce, an African-American male, began working at Interbake in August of 2005 in the packaging and additions department at Interbake's facility in North Sioux City, South Dakota.

In January of 2008, Boyce filed a charge of racial discrimination with the Equal Employment Opportunity Commission (EEOC), and the dispute was resolved through mediation on February 21, 2008. From February of 2008 to June 5, 2008, a few incidents occurred between Boyce and Interbake's managers, which Boyce believed constituted discrimination and retaliation. In June of 2008, Boyce filed a charge of discrimination and retaliation with the South Dakota Division of Human Rights (SDDHR). The SDDHR dismissed the charge. Boyce appealed the SDDHR decision to the South Dakota Circuit Court for the First Judicial Circuit, which determined that Interbake's actions constituted neither racial discrimination nor retaliation.

Additional incidents occurred from July of 2008 through February 29, 2009, which Boyce believed constituted racial discrimination and retaliation. In April of 2009, Boyce filed a charge with the EEOC alleging discrimination and retaliation. The EEOC dismissed the charge, and Boyce received his right-to-sue letter on June 11, 2009. Boyce filed this lawsuit on September 10, 2009.

---

[2] See the court's order on Interbake's motion to strike and motion for summary judgment for a more detailed recitation of the facts. *Boyce v. Interbake Foods*, No. CIV. 09-4138-KES, 2011 WL 3843948 (D.S.D. Aug. 26, 2011).

On November 1, 2010, Interbake moved for summary judgment. Docket 41. Boyce resisted and submitted a number of documents in opposition to the motion. Interbake moved to strike two sets of documents that Boyce had filed. Docket 94.

In November of 2010, Boyce discovered a cookie at Interbake, which he claimed was racially offensive. Boyce moved to compel discovery about the cookie and other items. After construing Boyce's motion to compel as a motion to modify the Rule 16 scheduling order, the court denied all requests in the motion except Boyce's request to allow additional discovery over the allegedly racially offensive cookie. Docket 82. In ruling on Interbake's summary judgment motion, the court considered the additional information about the allegedly racially offensive cookie.

## DISCUSSION

**I.     Attorney's Fees**

Interbake moves under Title VII for its costs and attorney's fees in defending this action in the amount of $49,088.50.[3] The court has discretion to award attorney's fees to the prevailing party in a Title VII case. 42 U.S.C. § 2000e-5(k). Even though Boyce has appealed the court's grant of summary judgment, the court "retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." *State ex rel. Nixon v.*

---

[3] The amount of attorney's fees requested reflects a reduced amount of the fees charged to Interbake by its attorneys: "However, in good faith, Defendant voluntarily agreed to reduces its fees by deducting certain time, including one-third of the time of Associate Kenneth M. Wentz III for a total of $49,088.50." Docket 107 at 5-6.

*Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999) (citations omitted).

"[T]he Supreme Court has distinguished between prevailing Title VII plaintiffs and prevailing Title VII defendants" in awarding attorney's fees. *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 848 (8th Cir. 1994). A court awards attorney's "fees to a prevailing Title VII plaintiff in 'all but very unusual circumstances[.]' " *Id.* (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975)). But a prevailing Title VII defendant only receives its attorney's fees if the "court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978); *E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006) (same). " 'The strict nature of the *Christiansburg* standard is premised on the need to avoid undercutting Congress'[s] policy of promoting vigorous prosecution of civil rights violations under Title VII[.]' " *Chester v. St. Louis Housing Auth.*, 873 F.2d 207, 209 (8th Cir. 1989) (alteration in original) (quoting *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987)).

In applying the *Christiansburg* test, the court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims[.]" *Christiansburg*, 434 U.S. at 421-22. If the plaintiff had a colorable Title VII claim, even if the court ultimately

4

determined that the claim was meritless, then attorney's fees to the defendant are not usually proper. *Trans States*, 462 F.3d at 996. "Those factors which have prompted courts to award attorney's fees to a prevailing defendant are typified by a finding that the plaintiff brought his action in bad faith." *Mosby v. Webster Coll.*, 563 F.2d 901, 905 (8th Cir. 1977) (citations omitted).

" '*Christiansburg* should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims.' " *Chester*, 873 F.2d at 209 (quoting *Miller*, 827 F.2d at 620). Moreover, "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim.' " *Id.* (quoting *Miller*, 827 F.2d at 620).

Interbake argues that "Plaintiff's claim was frivolous, unreasonable, and groundless." Docket 107 at 2. Interbake does not allege that Boyce acted in bad faith in bringing this action.

Boyce did not originally allege a Title VII retaliation claim in his complaint; instead, the court construed Boyce's complaint as asserting a retaliation claim. Docket 99 at 11. Because Boyce did not allege direct evidence of retaliation, the court employed the *McDonnell Douglas* burden-shifting analysis, which requires a very specific set of facts to avoid summary judgment. Boyce alleged numerous incidents that he felt constituted retaliation, but the court concluded that these incidents did not rise to the level of materially adverse employment actions and, even if Boyce did suffer an adverse employment action, he could not prove a causal connection. Given the specific factual showing required by the *McDonnell Douglas* burden-shifting

analysis and Boyce's pro se status, the retaliation claim was not meritless, frivolous, or groundless.

On Boyce's hostile work environment claim, the court assumed that the incidents alleged by Boyce constituted harassment, but it found that there was no evidence that the harassment affected a term, condition, or privilege of Boyce's employment or created an objectively hostile environment. Docket 99 at 17. Proving a hostile work environment claim requires a showing of extreme conduct that creates an abusive working environment. *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 618 (8th Cir. 2007). "The harassment must be sufficiently pervasive so as to alter the conditions of employment[.]" *Moylan v. Maries Cnty.*, 792 F.2d 746, 750 (8th Cir. 1986) (internal quotation omitted). As a pro se litigant, Boyce cannot be assumed to have the ability to recognize that his case does not meet the high burden necessary to make out a successful Title VII hostile work environment claim.

Moreover, after Interbake moved for summary judgment, Boyce moved to modify the scheduling order to allow additional discovery, including discovery related to an allegedly racially offensive cookie found at Interbake. The court found good cause *and* excusable neglect to modify the Rule 16 scheduling order regarding the cookie "because discovery about an investigation surrounding a racially offensive figurine could lead to admissible evidence in an employment discrimination case based on race." Docket 82 at 11. Boyce presented a colorable claim of a hostile work environment under Title VII. Because Boyce's Title VII claims were not frivolous, groundless, or meritless, Interbake's motion for attorney's fees is denied.

**II.    Sanctions**

Alternatively, Interbake moves under Rule 54(d) for attorney's fees in the amount of $1,805, as a sanction related to the motion to strike. Rule 54(d)(2)(B)(i) requires a moving party to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]" In neither its motion to strike nor in its motion for sanctions does Interbake identify a statute or rule under which it is entitled to attorney's fees for bringing a successful motion to strike. Thus, Interbake's motion is not properly made.

The court will construe Interbake's motion for sanctions to have been made under Federal Rule of Civil Procedure 11. *See* Docket 107 at 4 ("Plaintiff repeatedly violated the federal and local rules. This court warned Plaintiff on multiple occasion that sanctions could be imposed for such a violation.").[4] Assuming that Interbake moves for sanctions under Rule 11, sanctions are inappropriate because Interbake violated multiple procedural requirements in Rule 11.

First, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Interbake did not separately move for sanctions. Instead, it combined its motion for sanctions with its motion for attorney's fees,

---

[4] The court has previously found that Boyce's behavior in discovery possibly violated Rule 11. Docket 82 at 8. Boyce has been warned that even though he is a pro se litigant, failure to follow the rules could result in sanctions. *See, e.g.,* Docket 35 at 1 ("The legal process requires the parties to follow the rules. . . . [T]he rules apply equally and must be enforced without regard to the identity of the parties or their lawyers, and without regard to the absence of representation."); Docket 82 at 8 ("Even though Boyce is a pro se litigant, he can be sanctioned under Rule 11.").

which violates Rule 11. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (reasoning that the party moving for Rule 11 sanctions failed to comply with the procedural requirements because the " 'request' for sanctions was not made separately from other motions or requests[.]"). Interbake also violated Rule 11 because it did not describe any specific conduct by Boyce that violates Rule 11.

Second, Rule 11 has a "safe harbor" provision: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This section is "intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion*, it refuses to withdraw that position[.]" *Gordon*, 345 F.3d at 1029. It appears that Interbake did not provide Boyce an opportunity to withdraw his position according to the safe harbor provision in either the motion to strike or the motion for sanctions.

Interbake violated Rule 54(d) because it failed to identify under which rule it is entitled to sanctions. Even if Interbake intended to identify Rule 11 as the basis for sanctions, Rule 11 sanctions are inappropriate because Interbake failed to follow numerous procedures required by Rule 11. Thus, Interbake's motion for sanctions is denied.

**CONCLUSION**

Interbake moves for attorney's fees in the amount of $49,088.50 under Title VII for defending this action. The motion for attorney's fees is denied because Boyce's Title VII claims were not frivolous, meritless, or groundless. The motion for sanctions is denied because Interbake did not move under a specific rule or statute for sanctions, as required by Rule 54(b), and, even if Interbake intended to identify Rule 11 as the basis for sanctions, Interbake violated numerous procedural requirements in Rule 11. Accordingly, it is

ORDERED that defendant's motion for attorney's fees or, in the alternative, motion for sanctions (Docket 99) is denied.

Dated January 12, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE